The Court properly reverses the trial court's order denying the motion to compel production, thereby leaving in place the earlier order that granted the motion to compel. I do not interpret today's ruling as precluding further proceedings in the nature of a reconsideration of the trial court's order compelling production. I write specially to offer guidance concerning the manner in which a party resisting discovery should assert the availability of the attorney-client and work-product privileges.
As the main opinion points out, Cummings's requests for production of documents *Page 776 
from Martin and from JRH Risk, the third-party administrator, were met with Martin's blanket assertion that "[t]he request for documents seeks information subject to the attorney/client privilege and the work product privilege as stated in Rule 26 of the Alabama Rules of Civil Procedure." In its brief in support of its objection to Cummings's notice of intent to serve subpoena on a nonparty and in response to Cummings's motion to compel, the defendant became somewhat more specific, by stating:
 "[T]he workers' compensation file is primarily comprised of privileged correspondence and communications from counsel of record."
 "Under the plain language of Rule 502, any documents contained in JRH Services' file that reflect confidential communications between this Defendant and its attorneys, between this Defendant's attorney and JRH Services, or between JRH Services and this Defendant (whether communication was made at the specific request of, or at the express direction of, an attorney) are protected by the attorney/client privilege."
Cummings filed a motion to compel, which was initially granted by the trial court. Martin moved for a "reconsideration," stating that "[t]he `workers' compensation file' described by the plaintiff is primarily comprised of privileged correspondence and communications from counsel of record and otherwise contains attorney work product." The main opinion correctly observes that this assertion was not supported by affidavit testimony. Nevertheless, the trial court entered an order denying Cummings's motions to compel documents from JRH Risk's worker's compensation file and Martin's worker's compensation file.
The first attempt to support the assertions of privilege with materials other than the conclusions of counsel came in this Court in response to Cummings's petition for a writ of mandamus. Martin offered an affidavit stating: "With regard to the Rebecca Cummings worker's compensation claim, I maintained a file with notes regarding conversations with our third-party administrator, Sharon Langer, and notes from our attorney, which were maintained in anticipation of litigation." I agree with the main opinion's refusal to consider this affidavit because it was not before the trial court.
Rule 34(b), Ala.R.Civ.P., requires that reasons for objecting to a request for production be stated. Because objections based upon privilege require specificity in order to guide the party seeking production in determining whether to proceed further, I would require more information than was given to the trial court in this case. Because our rules provide little direction in this area, I cannot criticize Martin's conduct in this action nor hold Martin to the penalty of waiver because of its failing to be more specific. I would require further proceedings that meet standards of specificity that aid opposing counsel and the trial court.
Guidance can be drawn from Rule 26(b)(5), Federal Rules of Civil Procedure, which provides:
 "Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."
For purposes of application to the facts before us, a defendant should respond to a request for production by describing the documents by category that are subject either to work-product or attorney-client *Page 777 
privilege, specifying either or both, as to each such category, and describing the subject matter of such documents, without revealing privileged information. For example, in response to the plaintiff's initial request, the defendant could state, if accurate, as follows:
 The requested documents consist of trial preparation materials in the form of analyses of the plaintiff's medical condition in the form of notes taken contemporaneously with comments made by or to our attorney or our agent conducting an investigation of the claim, not prepared in the ordinary course of business but in anticipation of litigation concerning the amounts recoverable under the workers' compensation law.
In addition, to the extent that the requested materials might include information dealing with legal advice concerning the prospect for a wrongful-discharge action in the event of plaintiff's termination at some future date, a proper response asserting the attorney-client privilege as to those matters could include, if applicable, this statement:
 The documents requested contain confidential statements by or to the defendant's attorney made for the purpose of obtaining legal advice concerning the plaintiff's status as an employee.
A party requesting discovery who then receives a response containing information as outlined above would be able to make an educated decision as to the wisdom of further pursuit of the matter by motion to compel, perhaps preceded by depositions or interrogatories to elicit nonprivileged information concerning dates, places, persons present, persons receiving copies, and/or general information as to the subject matter. A party so informed would then be expected to make a showing in its motion to compel that either contradicts the status of the materials as protected by trial preparation or attorney-client privilege or, as to work product, concedes its status as such but demonstrates that party's substantial need for the materials and its inability to obtain the substantial equivalent by other means without undue hardship. See Rule 26(b)(3), Ala.R.Civ.P. Upon such motion, the defendant would be obliged to develop a detailed response, perhaps including a log describing each document and asserting the defendant's objection to the disclosure of each document so as to facilitate, if necessary, an in camera review by the trial court. Because the burden of such preparation may be significant, a party subjecting an opposing party to abuse of discovery procedures, by requiring the preparation of responses to a frivolous motion to compel production of privileged materials, can be ordered to pay attorney fees and costs related to the preparation of the responses. See §12-19-272(c), Ala. Code 1975.
Hooper, C.J., and Maddox, Houston, See, and Brown, JJ., concur.